UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN JACKSON,

    Plaintiff,

v.                                            Case No. 8:19-cv-1221-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

    The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

    The Plaintiff was born in 1972, has a limited education, and has past relevant work experience as a construction laborer and an auto detailer. (R. 25). In November 2015, the Plaintiff applied for DIB and SSI alleging disability as of November 1, 2015, due to a broken leg and high blood pressure. (R. 216-24, 237). The Social Security Administration denied his applications both initially and on reconsideration. (R. 69-70, 89-90).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on February 7, 2017. (R. 33-58). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id.* A vocational expert (VE) also testified. *Id.*

In a decision dated June 20, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2020, and had not engaged in substantial gainful activity since his alleged onset date of November 1, 2015; (2) had the severe impairments of hypertension and status post-surgical repair of a left tibial plateau fracture; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work, except that he required the use of a cane to ambulate effectively in the workplace; and (5) based on the VE's testimony, was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (R. 18-27). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 27).

The Appeals Council denied the Plaintiff's request for review. (R. 1-7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also*

20 C.F.R. §§ 404.1505(a), 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff's primary challenge on appeal is that the ALJ failed to provide an adequate explanation for rejecting the opinion of one of the Plaintiff's healthcare

providers, Dr. Vida Farhangi, regarding the Plaintiff's chronic knee pain and his ability to work. (Doc. 15 at 7-11). The Commissioner counters that the ALJ's evaluation of Dr. Farhangi's assessment is sufficient, and that the ALJ's RFC determination is supported by substantial evidence. *Id.* at 11-18. After careful consideration of the record and the parties' submissions, the Court finds that remand is necessary.

In reviewing an individual's disability claim, an ALJ must assess "all medical opinions in a claimant's case record, together with other relevant evidence." *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (citing 20 C.F.R. § 404.1527(b)).[3] "'Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite his impairment(s), and [the claimant's] physical or mental restrictions.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (quoting 20 C.F.R. § 404.1527(a)(2)).

If a doctor's statement rises to the level of a "medical opinion," an ALJ must state with particularity the weight given to that medical opinion and the reasons therefor. *Id.* at 1179. In rendering this determination, an ALJ must consider: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of the doctor's relationship with the claimant; (3) the medical evidence and

---

[3] Although this regulation has been amended effective March 27, 2017, the new regulation only applies to applications filed on or after that date. *See* 20 C.F.R. § 404.1520c; *see also* 20 C.F.R. § 416.920c. Because the Plaintiff's applications were submitted in November 2015, the older version of the regulation governs here.

explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's area of specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). While an ALJ is required to evaluate each of these factors, it is not necessary that he explicitly address them in his decision. *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011).

The Regulations set forth three tiers of sources for medical opinions: (1) treating physicians; (2) non-treating, examining physicians; and (3) non-treating, non-examining physicians. *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing 20 C.F.R. § 404.1527(a)(2), (c)(1)-(2)).

Treating doctors' opinions are entitled to the most deference. Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240-41; *see* 20 C.F.R. §§ 404.1527(c)(2), 415.927(c)(2) (stating that "controlling weight" is given to a treating physician's opinion if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."). If an ALJ finds that the treating physician's medical opinion should be given less than substantial or considerable weight, the ALJ must

clearly articulate reasons showing good cause for discounting the opinion, and those reasons must be supported by substantial evidence. *Hargress*, 883 F.3d at 1305-06.

Unlike a treating physician, the opinion of a one-time examining doctor is not entitled to controlling weight. *Crawford*, 363 F.3d at 1160 (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)). And, a non-examining physician's opinion is generally deserving of even less deference. *See Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)). In the end, irrespective of the nature of a physician's relationship with a claimant, an ALJ "is free to reject the opinion of *any* physician when the evidence supports a contrary conclusion." *Id.*; *accord Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding.").

In this case, the record reflects that Dr. Farhangi provided care to the Plaintiff and completed an RFC assessment of the Plaintiff's physical capabilities in a medical source statement completed in November 2017. (R. 22; 425, 439-42). In that medical statement, Dr. Farhangi diagnosed the Plaintiff with chronic knee pain and opined that he had a fair prognosis. (R. 439). Dr. Farhangi also opined, among other things, that the Plaintiff's pain would frequently interfere with his attention and concentration; that the Plaintiff could sit for up to sixty minutes but stand or walk for only thirty minutes at a time; that the Plaintiff was limited to one hour of sitting and less than one hour of standing or walking in an eight-hour workday; that the Plaintiff

could only occasionally lift ten pounds and could not lift twenty pounds; and that the Plaintiff required a cane for prolonged ambulation.  (R. 440-41).

In his decision, the ALJ summarized Dr. Farhangi's opinion at step two of the sequential evaluation process (R. 22) and then returned to it in conducting his RFC analysis at step four (R.25).  At this latter stage, the ALJ stated only: "I give no weight to the opinion of Dr. Farhangi in his [sic] November 2017 physical RFC assessment on the claimant, as it is inconsistent with the evidence in the record as a whole."  (R. 25) (citing Dr. Farhangi's opinion at Exhs. 8F, 11F).  Notably, the ALJ did not identify the allegedly inconsistent evidence to which he referred.  Nor did he offer any further explanation to support his rejection of Dr. Farhangi's assessment.  This was error. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1263 (11th Cir. 2019) (finding ALJ's statement that the treating doctors' questionnaires were "inconsistent with other substantial evidence of record" insufficient where "the ALJ failed to clearly articulate what evidence led him to this conclusion") (citations omitted); *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (reversing Commissioner's decision where the ALJ failed to sufficiently articulate the reasons supporting his decision to reject examining doctor's opinion).

The Commissioner's efforts to bolster the ALJ's justification for rejecting Dr. Farhangi's opinion are unpersuasive.  While the Commissioner endeavors to add substance to the ALJ's reasoning by fleshing out purported inconsistencies and shortcomings in Dr. Farhangi's evaluation of the Plaintiff's restrictions (Doc. 15 at 11-13), the ALJ did not perform any such analysis in his decision.  The Court must review

the ALJ's assessment of Dr. Farhangi's findings based upon what the ALJ said, not upon the Commissioner's post-hoc rationalization. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871-72 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)); *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (same) (citing *Owens*).

The Commissioner's contention that Dr. Farhangi was not a treating doctor whose opinions were entitled to deference does not alter the Court's conclusion. (Doc. 15 at 12, 15, n.4). While the Commissioner is correct that the record reflects the Plaintiff had only one or two visits with Dr. Farhangi (R. 425, 430-34), Dr. Farhangi's November 2017 RFC assessment notes that the Plaintiff began treatment with her in October 2015 (R. 439). Moreover, the Plaintiff testified at the hearing that Dr. Farhangi was the Plaintiff's "aftercare doctor," whom he saw following his surgery "for checkups and – my regular health checkup and my leg." (R. 44-45). The ALJ did not question this statement at the hearing, and he does not indicate anywhere in his decision whether or not he viewed Dr. Farhangi to be a treating doctor. The lack of clarity on this matter further supports the Court's determination that remand is warranted. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987) (providing that remand for clarification is necessary where the court cannot ascertain whether the ALJ followed the statutory requirements and related regulations).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 3rd day of September 2020.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record